No. 10,216.

SHOLES *v.* SHOLES.

Decided October 2, 1922. Rehearing denied November 6, 1922.

Action by wife for separate maintenance.   Judgment for husband.

*Affirmed.*

1.   HUSBAND AND WIFE—*Separate Maintenance—Res Judicata.* Where in a divorce action by a wife on the ground of cruelty, verdict was in favor of defendant, and subsequently the wife commenced an action for separate maintenance on the ground of cruelty covering the same period, it is held, that having been judicially determined that the charge of cruelty was not sustained, there was left no basis for a suit of separate maintenance.

2.      *Marriage Contract—Repudiation.*   A party to a marriage contract cannot repudiate its obligations and demand fulfillment on the part of the other party unless there is some valid reason therefor.

*Error to the District Court of Logan County, Hon. L. C. Stephenson, Judge.*

Messrs. McCONLEY & McCONLEY, for plaintiff in error.

MR. T. E. MUNSON, for defendant in error.

*Department One.*

MR. JUSTICE TELLER delivered the opinion of the court.

PLAINTIFF in error was plaintiff in a suit against defendant in error, her husband, for separate maintenance. The suit was based upon a charge of cruelty.   The defendant denied the charge of cruelty, and for a separate defense, alleged that said charge had been the basis of a suit for divorce, and that, upon a trial of said suit, the verdict had been in favor of defendant.

It was stipulated that in this action the court, for the purpose of determining the sufficiency of the plea of former adjudication, might consider the evidence received in the divorce action. The cause having been argued upon this plea, the court found in favor of the defendant, and the action was dismissed.

It appears from the record that the verdict in the divorce action was returned October 24, 1919, and that the complaint in this action was verified three days later but not filed until the following May.

The trial court held that a verdict of not guilty on the part of the defendant was an adjudication of the issue of cruelty, which was the basis of the suit for separate maintenance. It appeared that the parties had lived apart since a time before the beginning of the divorce action, and the trial court was therefore of the opinion that there had been no opportunity for abusive action on the part of the defendant between the date of the verdict and the beginning of this suit. The stipulation was an admission that plaintiff relied on the same evidence in both cases. The language of the complaint in this action is simply, "that defendant has been guilty of cruelty toward the plaintiff, consisting of the infliction of mental anguish, as well as bodily violence." This is substantially the language in the divorce complaint, though in the latter there is a detailing of specific acts of cruelty. There is nothing in the record which would justify a rejection of the court's finding that the same acts of cruelty were relied upon in each case. It having been judicially determined that this charge of cruelty was not sustained, there is left no basis for a suit for separate maintenance. A suit based on later acts of cruelty would present a different question.

It is elementary that a party to a marriage contract cannot repudiate its obligations and demand fulfillment of the obligation on the part of the other party unless there is some valid excuse therefor. In this case, on the record, it does not appear that there is any reason why the defendant should be required to support the plaintiff while

she persists in living apart from him.   The conclusion of the trial court was right and the judgment is accordingly affirmed.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE ALLEN concur.