HERP *v.* HERP.

1. DIVORCE—JURISDICTION STATUTORY.
   Jurisdiction of chancery courts in divorce cases in this State is purely statutory, and not within original cognizance of such courts.

2. SAME—PARTIES.
   There are three parties to every divorce proceeding—husband, wife, and State.

3. SAME—CONSENT DECREE MAY NOT BE GRANTED.
   Consent decrees may not be granted in divorce proceedings.

4. SAME—BURDEN OF PROOF.
   In wife's suit for divorce on ground that husband had grossly or wantonly and cruelly refused or neglected to provide her with suitable maintenance (3 Comp. Laws 1929, § 12729), burden was on her to establish said fact.

5. SAME—SUFFICIENCY OF PROOF.
   Where wife's income was not less than $100 per month for
   period covered by bill of complaint, during which time she
   made no demand upon husband for money except to send him
   bill for coal, which he is paying, her proof was insufficient to
   entitle her to decree of divorce on ground that husband had
   grossly or wantonly and cruelly refused or neglected to provide
   her with suitable maintenance (3 Comp. Laws 1929, § 12729).

Appeal from Kent; Perkins (Willis B.), J. Sub-
mitted January 14, 1931. (Docket No. 122, Calen-
dar No. 35,436.) Decided April 7, 1931.

Bill for divorce by Mildred C. Herp against Ed-
win J. Herp. Decree for plaintiff. Defendant
appeals. Reversed, and bill dismissed.

*Linsey, Shivel & Phelps,* for plaintiff.

*Fred P. Geib (Henry C. Hart,* of counsel), for de-
fendant.

SHARPE, J. Defendant has appealed from a de-
cree granting a divorce to the plaintiff, awarding
her all of his interest in the property owned by
them and ordering him to pay to her $10 per week
for the support of their daughter, now 11 years old,
until she shall attain the age of 16 years, or until
the further order of the court. A $50 attorney fee
was also allowed.

The record discloses that on April 2, 1929, plain-
tiff filed a bill for separate maintenance, which she
voluntarily discontinued. Later that spring, she
filed another bill, seeking the same relief. In this
suit, the defendant filed a cross-bill, asking for di-
vorce. Trial was had in August, and both bill and
cross-bill were dismissed.

On January 15, 1930, she filed the bill of complaint herein, seeking a divorce. The defendant answered, and, after a hearing in which the proofs were taken in open court, a decree was entered on July 8th, as above stated.

Under section 12729, 3 Comp. Laws 1929, a divorce—

"may be decreed on the complaint of the wife, when the husband, being of sufficient ability to provide a suitable maintenance for her, shall grossly or wantonly and cruelly refuse or neglect so to do."

On this record, the evidence of the refusal or neglect of the defendant must be confined to the time between August, 1929, when the former bill was dismissed, and January 15, 1930, when this bill was filed. They had not lived together during that time.

It appears that the plaintiff and the defendant and their minor child are each owners of an undivided one-third interest in a lot in Grand Rapids, referred to as the Prospect street property, on which stands a residence which has been converted into a four-family apartment house. Of this, plaintiff has had possession and the income thereof since the dismissal of the former suit. She admits that the defendant had paid the balance due on the furnishings of these apartments. Considerable other property is in the joint names of herself and her mother.

Plaintiff testified that she received in rents for the apartments, in August, 1929, $60; in September, $80; in October, $105; in November, $110, and in December, $110. One apartment, consisting of six rooms, was occupied by her mother, her daughter, and herself. The mother furnished the provisions for the family as her share of the rental thereof. Plaintiff also testified that she worked at Friedman-

Springs as an overseer during September and October, for which service she received about $120 per month.

The defendant is a railroad engineer. While his testimony as to his earnings was not confined to the period stated, it may be inferred therefrom that they then amounted to from $40 to $50 per week. He testified that during the time stated plaintiff made no demand upon him for money, except that she mailed to him a bill for coal, amounting to $178, and that he is paying it. It is admitted that he purchased some clothing and schoolbooks for the child.

In our opinion, plaintiff has failed to sustain the burden of proof imposed on her by the statute to entitle her to a decree. Her counsel urge that as defendant, as a witness, stated that there was no possibility of reconciliation, and as his counsel intimated to the court at the opening of the trial that plaintiff's right to a divorce would not be contested, the decree should not be disturbed for want of sufficient proof. But the jurisdiction of chancery courts in divorce cases in this State is purely statutory, and not within the original cognizance of such courts. *Haines* v. *Haines,* 35 Mich. 138. The tendency to consider the equities of the case, and the probability of reconciliation, cannot be encouraged. This court has many times held that, "There are three parties to every divorce proceeding—the husband, the wife, and the State." *Wieser* v. *Wayne Circuit Judge,* 247 Mich. 52, 54. Consent decrees may not be granted. The burden was upon the plaintiff to establish the fact that defendant had "grossly or wantonly and cruelly" refused or neglected to provide her with a suitable maintenance. Her income during the period from August, 1929, to January, 1930, when the bill was filed, was certainly not less

than $100 per month. In view of the fact that her mother provided the food for herself and her daughter for the privilege of occupying the apartment with them, it cannot be said that this sum was not reasonably sufficient to supply their other needs.

A decree may be here entered dismissing the bill of complaint, but without costs to either party.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.