[Civ. No. 2994. Fourth Dist. Dec. 18, 1942.]

GLADYS HASKILL, Respondent, v. ISOM W. HASKILL, JR., Appellant.

Clarence P. Wallick for Appellant.

Ridley C. Smith and Lester Van Tatenhove for Respondent.

BARNARD, P. J.—The defendant has appealed, on the judgment roll alone, from an interlocutory judgment decreeing that the plaintiff is entitled to a divorce, awarding her the custody of a minor child, ordering the defendant to pay $30 a month for the support of this child and $30 a month for the support of the plaintiff, and dividing the community property by awarding the household furniture to the plaintiff and an automobile to the defendant.

The parties were married in 1909 and separated on August 23, 1938. Apparently, this plaintiff thereafter filed a prior action for divorce on the ground of cruelty and the defendant filed a cross-complaint on the same ground. This appears in the present record, aside from the findings, only by a copy of a judgment entered on April 27, 1939, decreeing that neither party was entitled to an interlocutory decree of divorce, but ordering the defendant to pay $60 a month for the support of minor children, which judgment is attached as an exhibit to the defendant's answer.

In the present action, an amended complaint was filed on April 5, 1940. Aside from formal matters, it sets up a first cause of action based upon extreme cruelty. A second cause of action incorporates, by reference, all of the allegations of the first cause of action with the exception of those relating to cruelty and alleges wilful desertion continuing for more than one year immediately preceding the commencement of the action. A third cause of action realleges by reference the same portions of the first cause of action and alleges wilful neglect and failure to provide for more than a year prior to the filing of the complaint. The defendant moved to strike the main allegations of the first cause of action, aside from the formal matters, which motion was granted. The de-

fendant answered and, for some reason which does not appear, not only denied the allegations in the second and third causes of action, but also denied the allegations of the first cause of action relating to cruelty. As a second separate defense he "demurred" to the first cause of action. As a third separate defense to the first cause of action, he alleged that said cause of action had been finally adjudicated and that the judgment in the prior action, which was attached as an exhibit, is res judicata as to such issues. As a fourth separate defense, he alleged that since the day of the separation the parties had not resumed the marriage relation and that since the entry of the prior judgment he had complied with the court's orders therein with reference to support for the minor children. As a fifth separate defense to the complaint "and the whole thereof and by way of a recriminatory defense" he alleged certain acts of cruelty on the part of the plaintiff, most of which are alleged to have occurred before the date of the separation.

The court found that all of the material allegations of the plaintiff's first cause of action are true with the exception of the allegations of cruelty, and as to these it found that they are barred by reason of the judgment in the prior action. It found that all of the allegations of plaintiff's second cause of action for wilful desertion and all of the allegations of her third cause of action for wilful neglect are true. It further found that the allegations of the defendant's separate third defense and separate fourth defense are true, and that the allegations of his fifth defense of recrimination are not true and that they are further barred by reason of the judgment in the prior action. As conclusions of law, it was found that the plaintiff is entitled to an interlocutory decree of divorce upon her second and third causes of action, that her first cause of action is barred by the judgment in the prior action, that the allegations of the defendant's fourth separate defense constitute no defense to the plaintiff's cause of action, that the allegations of his fifth separate defense do not constitute a defense to the plaintiff's cause of action, that the plaintiff is entitled to the custody of one minor child and the defendant to the custody of the other, and that the plaintiff is entitled to all of the community property except an automobile, to which the defendant is entitled.

On this appeal it must be presumed that the evidence sustained the findings, all presumptions are in favor of the

judgment and the defendant's many references to the evidence, some of which relate to the trial of the prior action, must be disregarded as no record of such matters is before us. ■ The defendant's main point is that the court erred in granting a divorce to the plaintiff on the ground of desertion and neglect since less than a full year had elapsed after the entry of the prior judgment denying a divorce to either party. It is argued that since the judgment in the prior action is res judicata as to any issues raised or which might have been raised in an action of divorce up to the date of entry thereof, and since only eleven months and eight days elapsed between the entry of that prior judgment and the filing of this action, a cause of action on the ground of desertion or neglect could not have occurred. In other words, it is argued that this action was prematurely brought. This contention is without merit. From the scant record before us, it appears that the prior action for divorce between these parties was brought and tried on the ground of cruelty, and this is confirmed by the briefs. It may be assumed that the judgment therein was res judicata on that issue, at least with respect to any acts of cruelty occurring prior to the date of its entry. Insofar as here appears, however, the issues with respect to desertion and wilful neglect probably could not have been presented in that action since the parties separated on August 23, 1938 and that judgment was entered on April 27, 1939. Assuming, as we must, in support of the judgment, that no cause of action for desertion or wilful neglect existed at the time of or was presented in the other action the judgment therein could not be res judicata with respect to these other causes of action which did not then exist. Nothing herein appears to even suggest that the desertion and wilful neglect here in question had not continued since the date of separation and for considerably more than a year immediately preceding the filing of this action, and there is nothing in the record before us which in any way indicates that the plaintiff's causes of action on these grounds were either barred or affected by anything which occurred in connection with the prior action.

■ The defendant next contends that the court erred in finding as a conclusion of law that the allegations with respect to cruelty on the part of the plaintiff, as contained in his fifth affirmative defense, do not constitute a defense to the

plaintiff's cause of action. Aside from any other consideration the court found as a fact, presumably on sufficient evidence, that none of these allegations were true. In such a situation these allegations could hardly constitute a defense which would prevent a judgment in favor of the plaintiff. (§ 122, Civ. Code.)

It is next contended that there was a fatal inconsistency in one finding wherein the court found both that the allegations of cruelty on the part of the plaintiff contained in the defendant's fifth separate defense of recrimination were not true, and that they were barred by the judgment in the prior action. It is argued that this not only "eliminated" the defendant's main defense, but that the two portions of the finding are so inconsistent that it cannot be told what the court meant to find. This issue of cruelty had been adjudicated adversely to the defendant in the prior action, at least with respect to those acts which are alleged to have occurred prior to that time. Regardless of any technical question as to the right of the defendant to again raise that issue in this action, the court found that no such acts of cruelty ever occurred. The finding that this issue was barred is more unnecessary than it is inconsistent, and the most that can be said against it is that it is surplusage.

It is further argued that the court's finding that the defendant had wilfully neglected for more than a year to provide the common necessaries of life for the plaintiff is directly contradicted by the other finding that the defendant has complied with the decree of the court in the prior action. That decree or judgment required him to pay certain sums for the support of two minor children and no reference was made therein to any support for this plaintiff. These findings are in no way contradictory.

The judgment is affirmed.

Marks, J., and Griffin, J., concurred.