[Civ. No. 3704.   Fourth Dist.   May 24, 1948.]

VIRGINIA A. SLUSHER, Respondent, v. GEORGE D. SLUSHER, Appellant.

Calvin H. Conron, Jr., for Appellant.

Werdel & Di Giorgio for Respondent.

MARKS, J.—This is an appeal from an order denying a motion to enter a final decree of divorce and dismissing the action for divorce.

Plaintiff and defendant were married April 7, 1938. They separated about February 1, 1946. There were two children born to them.

Plaintiff filed her action for divorce on February 25, 1946. Defendant made default. The interlocutory decree was rendered on March 15, 1946. It divided the properties of the parties in accordance with the terms of a property settlement agreement which was approved in the decree, gave plaintiff custody of the two children, subject to reasonable visitation by defendant, and gave plaintiff $100 per month for her support and $150 per month for support of the children.

On September 25, 1947, defendant filed his notice of motion to enter a final decree of divorce. Attached to the notice of motion were affidavits stating in effect that in an attempt to effect a reconciliation the parties lived together as husband and wife from about March 1st to about September 13, 1947, but that the attempt was "futile, unsuccessful, and null and void . . ." and that "said parties have not become reconciled" for reasons stated which placed the blame for the failure on the plaintiff.

Plaintiff filed counteraffidavits. She admitted the attempted reconciliation and that the parties had lived together as husband and wife from February 14, to September 13, 1947. She placed the blame for the failure of the reconciliation on defendant. She averred that commencing in May, 1947, he used alcoholic beverages to excess and that weekly, or oftener, when intoxicated he "would beat the plaintiff violently and curse the plaintiff in front of the minor children of the parties, . . . he would lock plaintiff out of their residence and embarrass her by forcing her to stay in the yard of their residence for long periods of time"; that this treatment and beatings "caused affiant to fear for her own safety."

The motion was heard on both affidavits and oral testimony. The evidence offered by plaintiff is to the effect that both parties acting in good faith agreed on a reconciliation, and in good faith, with the full intention of resuming their married life went back to live together as husband and wife and mutually restored each other to all marital rights (Civ. Code, § 116) on or about February 14, 1947; that each introduced the other to friends as husband or wife; that the reconcilia-

tion was a complete success and each party was happy and contented in the society of the other until defendant again commenced using intoxicants to excess; that thereafter and until their final separation about September 13, 1947, defendant's treatment of plaintiff amounted to extreme cruelty by physical beatings and conduct causing her mental suffering.

Defendant admitted the reconciliation and the resumption of marital relations for about seven months. He admitted that he acted in good faith and with the hope that the reconcilation would prove lasting and successful, but did not give his wife credit for like intentions. He believed that Mrs. Slusher's motive in returning to him was not to make the marriage a success but to secure a larger share of the property of the parties than was awarded her in the property settlement and in the interlocutory decree. He placed the blame for the failure of the reconciliation on plaintiff for various reasons based on her actions. It is not necessary to particularize them.

It thus appears that while the parties agree on their apparent attempted reconciliation about February 14, 1947, their living together for about seven months and their final separation in September, there is a sharp conflict in the evidence on all of the other material questions involved including the good faith of plaintiff in resuming marital relations. Thus the question is presented as to whether or not the trial court was justified in refusing to grant the final decree of divorce under these circumstances.

The rules governing the answer to this question, under the facts before us, are clearly set forth in *Chester* v. *Chester,* 76 Cal.App.2d 265 [172 P.2d 924]; *Lane* v. *Superior Court,* 104 Cal.App. 340 [285 P. 860], and *Angell* v. *Angell,* 84 Cal. App.2d 339 [191 P.2d 54].

In the Chester case it is said:

"It is undoubtedly the law that in divorce cases, when a reconciliation followed by cohabitation is effected neither party is entitled as a matter of right to have a final decree of divorce entered (*Peters* v. *Peters,* 16 Cal.App.2d 383, 386 [60 P.2d 313], and cases therein cited; *Hawkins* v. *Hawkins,* 104 Cal.App. 608, 611 [286 P. 747]; *Lane* v. *Superior Court,* 104 Cal.App. 340 [285 P. 860])."

In the Lane case we find the following:

"A study of the decisions in the state upon the question of the right of the trial judge to exercise his discretion in granting or refusing a final decree of divorce, leads to the con-

clusion that judicial opinion, if not judicial decision, has established two very general rules into which the cases fall. Where an interlocutory decree has been granted, and upon the application for a final decree no intervening facts appear to show a change in the status or relation of the parties, the entry of a final decree becomes something in the nature of a ministerial act on the part of the court, and *mandamus* may be invoked to compel it to perform its duty; but where, after the rendition of the interlocutory decree, events occur to change the status or relation of the parties, such as condonation and a resumption of the marital relation by the parties, the entry of the final decree ceases to be a ministerial act only, and becomes a judicial act in the performance of which the trial court may use its discretion, and *mandamus* will not lie. (Citing cases.)''

In the Angell case the court, speaking through Mr. Presiding Justice Peters, said:

''Whether an agreement is an unconditional one of forgiveness, and therefore justifies the denial of the final decree, or is a conditional one, and therefore warrants the granting of the final decree, is a question of fact. If the evidence, or the reasonable inferences therefrom, is conflicting, the determination of the question by the trial court, in accordance with elementary principles, is conclusive on the appellate court.''

As we have seen, the evidence was in sharp conflict on many important questions. Therefore, under the foregoing rules, the trial judge had a discretion in the matter and resolved the conflict in the evidence against defendant. This holding of the trial judge involving a determination of fact on conflicting evidence is conclusive on appeal so the order denying the motion to enter the final decree of divorce must be affirmed under the rules laid down in the foregoing cases.

■ The next question is the right of the trial judge to dismiss the action for divorce on motion of the plaintiff, which was opposed by defendant, which motion was made after the interlocutory decree of divorce had become final and the time for its modification under the provisions of section 473 of the Code of Civil Procedure had expired.

In *Dupont* v. *Dupont*, 4 Cal.2d 227 [48 P.2d 677], the trial court had granted the defendant's motion to modify the provisions of an interlocutory decree of divorce in respect to property rights, after the time for motion for new trial, for appeal, and for relief under section 473 of the Code of Civil

Procedure had expired. In reversing the order as beyond the jurisdiction of the trial court, it was said:

" 'It is well established law that when an interlocutory decree has become final, in the sense that it is no longer subject to the right of appeal or motion for new trial, or any right to relief by order within the provisions of section 473 of the Code of Civil Procedure, the trial court is without jurisdiction to vacate such decree or modify the same. There is, of course, the continuing authority of the court to modify its orders relating to the payment of alimony; but with respect to the right to a divorce and with respect to the determination of property rights, the right to modify or vacate the decree no longer exists.' (*DeHaven* v. *Superior Court,* 114 Cal.App. 253, 255 [300 P. 95]; *Bancroft* v. *Bancroft,* 178 Cal. 367 [173 P. 582].)"

*Leupe* v. *Leupe,* 21 Cal.2d 145 [130 P.2d 697], is to the same effect where it is said:

". . . the decisions establish that the trial court is without jurisdiction to modify an unqualified disposition of property rights made in an interloctury decree of divorce except in accordance with the methods applicable to judgments generally, time for which had expired in this case before respondent's motion was made. Even though a final decree is not entered, the interlocutory decree becomes a conclusive adjudication and is res judicata with respect to all issues determined. (Citing cases.)"

We therefore conclude that as to certain of the matters adjudicated, the interlocutory decree of divorce became a final judgment and for that reason, the trial court was without power to dismiss the case without the consent of both parties which was not given here. (Civ. Code, § 131.)

This conclusion may not leave plaintiff without her remedies. It has been stated in cases that where a final decree of divorce had been denied, the innocent party may bring a second action if it be based on acts occurring after the rendition of the interlocutory decree. (*Lane* v. *Superior Court, supra; Chester* v. *Chester, supra.*) She also might be able to get a review of the settlement of property rights under the provision of subdivision one of paragraph IV of the property settlement, provided she can produce proper evidence.

The portion of the order dismissing the action is reversed. The portion of the order denying the final decree of divorce is affirmed. Plaintiff will recover her costs of appeal.

Barnard, P. J., and Griffin, J., concurred.