BENNETT *v.* BENNETT.

1. DIVORCE—PREVIOUS DECREE.
   Alleged grounds for divorce occurring before a previous decree was entered dismissing bill for divorce may not be considered as part of a plaintiff's case in present suit.

2. SAME—EXTREME CRUELTY—EVIDENCE—FINDING OF TRIAL JUDGE.
   Finding of trial judge for defendant wife that plaintiff had failed to prove alleged acts of extreme cruelty on her part during 2-month period following previous decree dismissing his bill for divorce is not disturbed, where testimony is conflicting and trial judge heard the witnesses, observed their demeanor and was in the best position to determine their credibility.

3. SAME—EXTREME CRUELTY—UNJUSTIFIABLE ABSENCE FROM HOME.
   Plaintiff husband who took up residence elsewhere after 2-month's period following previous decree dismissing his previous bill for divorce may not complain that wife's failure to perform domestic, household or marital duties for him constituted extreme cruelty, where he absented himself from his home unjustifiably and her failure to visit, telephone, write letters or send him birthday cards for about 5 years was matched by his like neglect.

4. SAME—ATTORNEY'S FEE.
   Attorney's fee of $1,500, as fixed by trial court, for defendant wife's attorney *held,* not shown to have been in error in record on husband's appeal from decree denying divorce.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 17 Am Jur, Divorce and Separation §§ 177, 486.
[3] 17 Am Jur, Divorce and Separation § 85.
[4] 17 Am Jur, Divorce and Separation § 567.
[4] Financial condition of parties as affecting allowance of suit money in divorce suit. 35 ALR 1099.

·Appeal from Wayne; Murphy (Thomas J.), J. Submitted January 7, 1953. (Docket No. 30, Calendar No. 45,680.) Decided March 10, 1953.

Bill by Germany E. Bennett against Mary M. Bennett for divorce on ground of extreme and repeated cruelty. Decree for defendant. Plaintiff appeals. Affirmed.

*Louis J. Colombo,* for plaintiff.

·*Harry N. Grossman* and *J. Leonard Hyman,* for defendant.

DETHMERS, C. J. In 1945, plaintiff sought divorce on the ground of defendant's extreme cruelty. On or about October 1, 1946, after hearing on the merits, a decree was entered dismissing plaintiff's bill of complaint. Plaintiff commenced the instant suit on June 5, 1948, again charging extreme cruelty of the character alleged in the previous suit; the case was heard on the merits in October of 1951 and in May of 1952 decree entered dismissing plaintiff's bill of complaint and requiring him to pay defendant's attorney a $1,500 fee. Plaintiff appeals.

Plaintiff claims that when decree dismissing his first suit entered he went back to the home of parties to live with defendant, and sought reconciliation and restoration of normal marital relations with her until December 1, 1946; that during that 2-month period defendant refused to cook or perform household duties for him, to associate or have marital relations with him and told him that she had no feelings, love or affection for him; that on said December 1st, because of her cruelty, he left his home and wife and moved to a separate abode. It is not shown that plaintiff ever thereafter requested defendant to come and live with him there.

Defendant denied plaintiff's charges against her and testified, on the contrary, that during said 2-month period she did prepare meals for plaintiff, which he refused to eat; that she performed her domestic and household duties for him and that she was willing and indicated her willingness to have marital relations with him, but that he did not so desire; that she attempted reconciliation by direct approach to him, and, after he left the home, by letter, by telephone, and by enlisting the aid of friends to intercede with him in her behalf; that she still loved him and wanted him to come back to her. The trial court accepted defendant's version of the facts and rejected that of plaintiff.

Plaintiff's charges of extreme cruelty on the part of defendant relate to 3 periods. The first antedates the decree dismissing plaintiff's previous suit for divorce. Plaintiff claims that the court erred in refusing to consider alleged grounds for divorce occurring before the previous decree. The trial court was correct. *Herp* v. *Herp,* 254 Mich 33.

Next is the 2-month period following the decree dismissing the first suit and extending to December 1, 1946, when plaintiff left home and wife for a separate abode. We cannot say, on an examination of the entire record, that, had we been in the position of the trial judge, we would have found otherwise than he did with respect to the conflicting claims of parties concerning the conduct of each during that period. The trial judge heard the witnesses, observed their demeanor and was in the best position to determine their credibility and to conclude what the facts in the case really were.

Plaintiff also urges as grounds for divorce defendant's failure to perform domestic, household or marital duties for him during the third period, from December 1, 1946, when he left home and wife, until the hearing herein in October of 1951. He cannot be

heard to complain of her failures in that regard which naturally resulted from his absenting himself from his home and wife, for reasons which the trial court found unjustifiable, and declining to take her to live with him in his new abode. Her failure, as plaintiff alleges, to visit him during that period or to call him on the telephone, write him letters or send him Christmas or birthday cards is matched by his like neglect in that regard and scarcely constitutes grounds for divorce.

Nothing in the record persuades us that the trial court erred in fixing attorney's fees.

Decree affirmed, with costs to defendant.

ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.