[Civ. No. 20554.   Second Dist., Div. Two.   Dec. 2, 1954.]

NEVENA JORDAN, Appellant, v. VERBAN JORDAN, Respondent.

P. E. Cavaney for Appellant.

Joseph M. Wapner for Respondent.

FOX, J.—This is an appeal from an order dismissing an order to show cause *re* support pendente lite, attorney's fees and court costs, and to restrain defendant from (1) annoying plaintiff, or (2) encumbering or disposing of community property.

In a prior suit each party had sought a divorce on the grounds of cruelty. That case was tried in February, 1954. Judgment was entered therein on March 8, 1954, denying a decree to both parties.

This action is for separate maintenance. It was filed on March 25, 1954. It is based on wilful desertion which is alleged to have occurred on March 13, 1953, and to have continued to date.

When the order to show cause was called for hearing defendant moved to dismiss on the ground that the matters involved were res judicata by reason of the judgment in the prior action. The motion was granted, hence this appeal. The court was, however, in error.

The doctrine of res judicata has a double aspect. "A former judgment operates as a bar against a second action upon the same cause, but in a later action upon a different claim or cause of action, it operates as an estoppel or conclusive adjudication as to such issues in the second action as were *actually* litigated and determined in the first action." (Emphasis added.) (*Todhunter* v. *Smith*, 219 Cal. 690, 695 [28 P.2d 916].) This concept of the dual nature of res judicata is amplified in *Cromwell* v. *County of Sacramento*, 94 U.S. 351, 352-353 [24 L.Ed. 195]. It is there stated that the doctrine comprehends "a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the first claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the

judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. It is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose. . . . But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action.''

■ Applying these principles, it is clear that the matters ''actually litigated and determined'' in the prior divorce action are different from those involved in the instant separate maintenance suit. So far as appears from the scant record before us, the only matters actually litigated in the prior case were the right of each of the parties to a divorce because of asserted cruelty on the part of the other, and the incidental right of plaintiff to alimony in the event she had been successful in establishing her alleged cause of action for cruelty. Here, however, plaintiff is seeking to enforce a right to support based upon a different cause of action which had not accrued as a ground for a divorce when the prior divorce action was tried and the judgment entered because one year had not expired since the asserted desertion. Hence the question of defendant's wilful desertion was not within the issues in the prior case and was not litigated or determined therein. Consequently, the plea of res judicata is not available to defendant in this proceeding. Our conclusion is fortified by the decision in *Haskill* v. *Haskill,* 56 Cal.App.2d 204 [132 P.2d 294]. There both parties sought a divorce on the ground of cruelty and the court held, as in the prior action between the parties here, that neither was entitled to a decree. In the Haskill case plaintiff filed another action for divorce on the grounds of desertion and neglect eleven months and eight days after the entry of the prior decree. Defendant urged that the court erred in granting plaintiff a divorce on either

of these grounds inasmuch as a full year had not elapsed since the entry of the prior judgment denying a divorce to either party, and that the doctrine of res judicata was applicable to any issues raised or which might have been raised up to the date of entry of the decree. In sustaining the right to maintain the later action the court pointed out that the prior suit was brought and tried on the ground of cruelty and that while the judgment therein was res judicata with respect to any acts of cruelty occurring prior to its entry, such plea was not available against a cause of action for desertion or wilful neglect since the parties separated on August 23, 1938, and the prior judgment was entered on April 27, 1939, and therefore neither of these other causes of action then existed. So, here, plaintiff's cause of action for divorce for desertion on which she bases her right to support had not accrued when the judgment in the prior case was entered.

*Morris* v. *Morris,* 132 Conn. 188 [43 A.2d 463], is more nearly in point. There both parties sought a divorce on the ground of cruelty. Each was denied a decree. Less than a month thereafter the wife brought an action for support on the theory of desertion. She was permitted to maintain it notwithstanding the prior divorce decree for the reason that the issues were not the same in the two cases.

Defendant argues that plaintiff is charging him with desertion on the theory that his conduct was of such a cruel nature that she was justified in living separate and apart from him and thus he was guilty of desertion. This argument is based on a misconception of her allegations. She simply alleges that without cause or provocation and without her consent he deserted her on March 13, 1953, and ever since has refused and still refuses to live or cohabit with her. These issues were not before the court in the prior action and were not concluded by the judgment therein.

The order is reversed.

Moore, P. J., and McComb, J., concurred.

A petition for a rehearing was denied December 20, 1954, and respondent's petition for a hearing by the Supreme Court was denied January 26, 1955.