No. 17,561.

PAUL LAWRENCE COLLINS *v.* OPAL JOSEPHINE COLLINS.
(289 P. [2d] 900)

Decided November 2, 1955. Rehearing denied December 5, 1955.

Mr. SIDNEY P. GODSMAN, for plaintiff in error.

Mr. CARL CLINE, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

PLAINTIFF in error and defendant in error were married November 15, 1935. Defendant in error, hereafter referred to as the wife, instituted a divorce action against her husband on August 31, 1951. She based her complaint on general allegations of cruelty, which were denied by the husband's answer. He, in turn, filed a cross-complaint charging his wife with cruelty.

Trial of the issues so joined was had in October, 1952, and the jury returned verdicts finding both the wife and husband guilty of cruelty. Motion for new trial was overruled on April 21, 1953 and the complaint and cross-complaint were dismissed. Three weeks later, May 11, 1953, the wife instituted the instant action for divorce and based her suit on general allegations of cruelty on the part of her spouse. He denied the cruelty charge and set up the adjudication in the former divorce action as a bar. Trial to a jury resulted in a verdict and decree in favor of the wife, and plaintiff in error, the husband, brings the cause here by writ of error.

The only witnesses who testified in the instant case were the wife and the husband. In the main her testimony related to a period of two to four weeks after the first suit was filed. She testified her husband came to her place of abode to deliver support checks; that he had been drinking; that he swore at her and denied the paternity of her children. This testimony the husband denied.

The principal grounds urged for reversal are the denial of the husband's motion for a directed verdict at the conclusion of the case, and that the trial court erred in permitting the introduction of testimony by plaintiff concerning alleged acts of cruelty prior to the trial and dismissal of the first action.

The trial court limited the testimony to matters which occurred subsequent to August 31, 1951, the date the first complaint was filed.

*Sholes v. Sholes,* 72 Colo. 175, 209 Pac. 1046 was a case where the wife failed in her action for divorce based on alleged acts of cruelty, and after an adverse verdict in the cause, brought another action for separate maintenance. The court there said: "It appeared that the parties had lived apart since a time before the beginning of the divorce action, and the trial Court was therefore of the opinion that there had been no opportunity for abusive action on the part of the defendant *between the date of the verdict and the beginning of this suit.*" * * * "The language of the complaint in this action is simply 'that defendant has been guilty of cruelty towards the plaintiff, consisting of the infliction of mental anguish, as well as bodily violence.' This is substantially the language in the divorce complaint, though in the latter there is a detailing of specific acts of cruelty. There is nothing in the record which would justify a rejection of the court's finding that the same acts of cruelty were relied upon in each case. It having been judicially determined that this charge of cruelty was not sustained, there is left no basis for a suit for separate maintenance. A suit based on later acts of cruelty would present a different question."

In *Bennett v. Bennett,* 336 Mich. 133, 57 N.W. (2d) 323 plaintiff sought a divorce on the ground of defendant's extreme cruelty. The complaint was dismissed October 1, 1946. She brought a new suit on June 5, 1948 again charging cruelty. That complaint was dismissed and the wife appealed. We quote from the opinion: "Plaintiff claimed the court erred in refusing to consider alleged grounds of divorce before the previous decree. The trial court was correct. *Herp v. Herp,* 254 Mich. 33, 235 N.W. 850."

*Jordan v. Jordan,* 129 Cal. App. (2d) 309, 276 P. (2d) 818 cites with approval *Haskill v. Haskill,* 56 Cal. App.

(2d) 204, 132 P. (2d) 294. There the first action was brought and tried on the ground of cruelty. The court commented: "* * * while the judgment therein was res judicata with respect to any acts of cruelty occurring prior to its entry, such plea was not available against a cause of action for deseration or willful neglect since the parties separated on August 23, 1938 and the prior judgment was entered on April 27, 1939. * * *" See, also, *Slusher v. Slusher,* 85 Cal. App. (2d) 626, 193 P. (2d) 778, where it is stated: "It has been stated in cases that where a final decree of divorce has been denied, the innocent party may bring a second action if it is based on acts occurring after the rendition of the interlocutory decree." See, also, *Lane v. Superior Court,* (Cal. App.), 285 Pac. 860.

In *Willis v. Willis,* 48 Wyo. 403, 49 P. (2d) 670, the court said: "A distinction is drawn between cases in which the cause of action in a subsequent suit is the same, or substantially the same, as that in a former suit, and those in which the causes of action differ. In the former class of cases, all relevant issues which were or might have been litigated and determined are held to be adjudicated. A party cannot litigate his rights piecemeal."

*Matlock v. Matlock,* 86 Ore. 78, 167 Pac. 311 was a case where in an original action both parties, as in the instant litigation, were held to blame for their matrimonial difficulties, and the case was dismissed. We quote from an opinion reversing a decree of separate maintenance entered in a second suit brought by the wife: "The principal question to be determined is the effect of the decree in the suit for divorce. * * * This was a direct adjudication that the plaintiff here was not without fault in the disturbance of the marriage relation existing between the parties. This fact was thus conclusively determined as between them, and constitutes a datum or landmark controlling them as to all matters in which it was involved up to that time. Either party is

thereafter entitled to any legal conclusion which rightly may be deduced from the fact thus established. The fault or innocence of the plaintiff here was directly drawn in question in that ligitation, and it was there decided that she was at fault."

The Supreme Court of Oregon then quotes from *Ruckman v. Union Ry. Company*, 45 Oregon 578, 78 Pac. 748, as follows: "If the second action or defense is upon the same claim or demand, the former judgment is a bar, not only as to matters actually determined, but such as could have been litigated; * * *."

 Questions of cruelty on the part of the husband and wife were the facts directly in issue in the first divorce action. If a fact is immaterial it cannot be said to be directly in issue. The incidents relied on by plaintiff in her second suit were known to her at the time the first case was tried. They, if true, bore directly on one issue there presented. It is important that we consider the scope of the plaintiff's complaint in the original suit and the purpose of the action. When we do this we see clearly that the alleged acts of cruelty relied upon in the second suit were admissible in the original case. It will also be observed in the first suit the wife was adjudged guilty of cruelty, thus precluding her from obtaining a divorce decree.

 The evidence in the first divorce action was not necessarily limited to matters occurring prior to the date of the filing of the complaint, but evidence of other facts, whether before or after suit, which serve to give character to the acts of cruelty alleged and proven, is admissible. This is true whether or not plaintiff filed an amended complaint to embrace matters occurring after the suit was commenced as she had a right to do under our rules.

The jury in the first action determined that neither party was entitled to a divorce. Upon reason, and under the authorities as we read them, the wife may not maintain the instant action.

■ It was definitely decided that as of October 23, 1952, the wife was not entitled to a decree of divorce. To resurrect acts antedating the trial of the first suit was merely an attempt to retry the same cause of action, to-wit: a suit based on cruelty, which had been decided adversely not only to the wife, but the husband as well.

We, therefore, hold that the trial court erred in overruling the husband's motion for a directed verdict and permitting testimony of acts of cruelty allegedly committed prior to the date of the trial of the first case.

The judgment is reversed and the cause remanded with direction to dismiss the action.