MOUSSEAU *v.* WALKER.

1. APPEAL AND ERROR—CHANCERY CASES—DE NOVO HEARING—EVI-
    DENCE.
    The Supreme Court hears chancery cases *de novo,* but will not
    ordinarily reverse the lower court where there is evidence and
    testimony to support the finding of the lower court unless
    justice demands it or it can be said that the evidence clearly
    preponderates the other way, since the trial judge is in a
    better position to test the credibility of the witnesses by ob-
    serving them in court and hearing them testify than an
    appellate court which has no such opportunity.

2. PARTNERSHIP—DISSOLUTION—FINDINGS OF TRIAL COURT—EVI-
    DENCE.
    Findings of trial court in suit for dissolution of a partnership
    and for an accounting that plaintiff had been wrongfully
    expelled from the business, that it had not erred in failing to
    find net worth of the assets before decreeing return of the
    capital investment and money judgment to plaintiff, that
    plaintiff's assets were used in continuing the business after
    dissolution and allowing him to share in the profits after dis-
    solution and until the date of the decree *held,* supported by
    adequate and ample testimony and not against the great
    weight of the evidence (CL 1948, § 449.1 *et seq.*).

3. SAME—DISSOLUTION—NET PROFIT—DEPRECIATION.
    It was error for trial court in partnership dissolution proceedings
    after plaintiff's forcible expulsion to disallow depreciation in
    arriving at net profit in the accounting (CL 1948, § 449.1 *et
    seq.*).

REFERENCES FOR POINTS IN HEADNOTES
[1] 3 Am Jur, Appeal and Error § 912.
[2] 40 Am Jur, Partnership § 323 *et seq.*
[3] 40 Am Jur, Partnership § 349.
[4, 5] 40 Am Jur, Partnership § 120.
[7] 40 Am Jur, Partnership §§ 237, 238.

4. SAME—ORAL CONTRACT—COMPENSATION.

Partners are not entitled to compensation for services under an oral partnership agreement in the absence of an express or implied agreement to the effect they are entitled to a salary (CL 1948, § 449.18[f]).

5. SAME—NET PROFIT—COMPENSATION.

Defendant partners were not entitled to credit for salaries and wages in arriving at net profit after plaintiff was expelled from the business, where there was no express or implied agreement that defendants were to draw salaries (CL 1948, § 449.18[f]).

6. SAME—DISSOLUTION—BONDS—TERMINATION OF FIRM.

Finding of trial court that partnership, terminable at will, had not been so terminated as alleged termination settlement was never completed, and that bond posted was not a bond for the payment of a specific agreed price but a general bond to protect such interest of plaintiff as court might determine it to be on dissolution *held*, proper (CL 1948, § 449.1 *et seq.*).

7. SAME—RECEIVERS—SALE—DISCRETION OF COURT.

Appointment of receiver to take charge of partnership business of furnishing refuse service to customers in a city and to sell the business *held*, within discretion of trial court, where it appears plaintiff had started the business and conducted it for about a year before defendants devoted full time to it and about 5 months thereafter they forcibly expelled him from the business (CL 1948, § 449.1 *et seq.*).

Appeal from Alpena; Glennie (Philip J.), J. Submitted April 10, 1959. (Docket No. 39, Calendar No. 47,479.) Decided June 5, 1959.

Bill by Kenneth Mousseau against John Walker and James Walker, individually and as partners doing business as Sanitation Service, for dissolution of partnership and for accounting. Decree for plaintiff. Defendants appeal. Affirmed in part, reversed in part and decree ordered entered.

*Donald K. Gillard,* for plaintiff.

*Habermehl & Mandenberg,* for defendants.

KAVANAGH, J.   Plaintiff filed a bill of complaint to dissolve a partnership and for an accounting.   Decree was entered in court below in favor of complainant as prayed for in the bill of complaint.

In the decree the court granted to plaintiff the return of his capital investment, together with 1/3 of the 1955 net profits in the amount of $2,-795.69, together with any accrued profits to May 28, 1956, the date of the decree, without allowance for any depreciation whatever.   In addition thereto, plaintiff was awarded 1/3 of all sums realized from the business over and above the sum of $4,295.69, plaintiff's capital investment ($1,500) plus his 1/3 of profits for 1955 ($2,795.69), and $1,200, the capital investment of James Walker, and $2,100, the capital investment of John Walker.

The court further provided for the appointment of a receiver for the purpose of dissolving the partnership and distributing the assets of said partnership in accordance with CL 1948, § 449.40 (Stat Ann § 20.40) of the uniform partnership act; provided that the said receiver would manage and operate the business until the same could be sold; provided that the receiver would offer the business for sale at the earliest possible date; and provided that the fees of the receiver would be paid out of the partnership assets:

Defendants appeal to this Court and allege:

(1) The court erred in finding that plaintiff and appellee was wrongfully expelled from the business, and in finding a wrongful dissolution had been effected.

(2) The court erred in failing to make a finding of the net worth of the partnership assets before decreeing a return of the capital investment and a money judgment to plaintiff.

(3) The court erred in finding that the assets of the plaintiff were used for continuing the business after

dissolution, and in purchasing another truck, when the undisputed evidence and the records show that defendants deposited a sum in cash greater than plaintiff's interest in the business as a settlement of plaintiff's interest.

(4) The court erred in allowing plaintiff to share in the profits of the business after dissolution where the undisputed evidence shows that no assets of plaintiff were used in continuing the business.

(5) The court erred in allowing plaintiff 1/3 of the profits to the date of the decree.

(6) The court erred in computing the income for the year 1955 by refusing to allow any deduction for depreciation or for wages when the undisputed testimony showed that there was an implied agreement for wages and the assets were of such kind as to rapidly depreciate.

(7) The findings of fact made by the court were contrary to the overwhelming weight of the evidence.

(8) The findings of the court were contrary to the express provisions of the statute governing partnerships.

(9) The court erred in decreeing that a receiver be appointed to take charge of the assets and sell the business.

The court made findings of fact substantially as follows:

"In order to make a proper disposition, it appears to the court that findings of fact are necessary. In that respect, the testimony discloses that the parties to this action grew up together; and that the defendants, being aware of the possibilities of a refuse service in the city of Alpena, did contact the plaintiff at his residence on M-65, in Alpena county, sometime during the month of May, 1953, for the purpose of interesting plaintiff in the venture. Thereafter a survey was conducted which indicated numerous customers were willing to accept the service and dur-

ing the month of August, 1953, plaintiff visited defendants in Detroit, at which time the parties entered into further negotiations and arrangements made to secure finances for the purchase of a truck and the necessary refuse cans. On or about September 1, 1953, plaintiff commenced business with 17 customers, under the name of 'Sanitation Service'. Plaintiff conducted the business personally for approximately 7 months, with the exception of some assistance from defendants for 2 or 3 months. The partnership continued to be operated by plaintiff until on or about July 1, 1954 when defendants came to Alpena to work full time in the partnership. The facts further indicate that the business was conducted in plaintiff's home until about August, 1954, and that for approximately 6 months, plaintiff's wife took all telephone calls and kept the books and records for the partnership. The testimony further shows that defendants continued to be employed in Detroit at full-time compensation until August of 1954; and that during the year 1953, plaintiff averaged $40 per week; and in 1955, $60 per week. During 1954 and 1955, all partners drew $60 per week. On August 1, 1954, James Walker, one of the defendants herein, rented a gasoline station and garage at the corner of Campbell street and Third avenue and entered into an agreement with one Gordon Boudreau to operate the garage. This agreement with Gordon Boudreau was objected to by plaintiff, but arrangements nevertheless were arbitrarily made by the defendant, James Walker. The partnership appears to have been dissolved during the month of December, 1954, after some discussion concerning finances and the operation of the business. The court finds, as a matter of fact, that plaintiff was forcibly told to leave the premises and that the partnership was at an end. Thereafter, the remaining partners continued to operate the business on their own behalf and refused further to confide or consult with plaintiff concerning the business. The court further finds that as of December, 1954, the business has been in-

creased from 17 stops to about 650. The evidence further discloses that the matters in connection with the handling of cash and book entries were not in accord with proper office practices. The evidence likewise discloses that plaintiff had faith in the business, had worked hard to build it into a going concern, and had no desire to sell his interest. That after the dissolution, defendants used plaintiff's assets to purchase an additional truck for use in Sanitation Service.

"The agreed capital investment of the partners during the partnership is as follows:

"Kenneth Mousseau ...... $1,500
"John Walker ........... $2,100
"James Walker .......... $1,200

"The partnership records further indicate that a net profit of $8,387.07 was realized during 1955. Defendants claim that this amount is subject to deduction for wages for defendants in the amount of $6,240 and depreciation in the amount of $1,650.38 on the capital assets of the business, leaving a total profit in 1955 in the sum of $496.69 earned by the plaintiff."

It was defendants' contention that plaintiff was entitled to his capital investment plus the sum of $1,440.50 as a share of the profits for 1955. Further, that the court could make no provision for allowance of any wages to be paid to plaintiff on behalf of his wife since she was not a party to the action, and any consideration which was rendered was on behalf of her husband in connection with the partnership.

Plaintiff testified that he did not voluntarily withdraw from the partnership business, but that he was forcibly ejected from it and told that his services were no longer needed nor desired. It is admitted this occurred during the month of December, 1954, and that plaintiff thereafter was completely separated from the business.

It would appear an attempt was made to arrive at a settlement in an attorney's office under which de-

fendants would buy out the interest of plaintiff. However, such a settlement was never completed.

Although this Court on appeal hears chancery cases *de novo,* it ordinarily will not reverse the lower court where there is evidence and testimony to support the finding of the lower court unless justice demands it, or it can be said that the evidence clearly preponderates the other way, the trial judge being in a better position to test the credibility of the witnesses by observing them in court and hearing them testify than is an appellate court which has no such opportunity. *Grace Harbor Lumber Co.* v. *Ortman,* 190 Mich 429, 438; *Van Allen* v. *Sprague,* 206 Mich 116, 120; *Higbie* v. *Chase,* 306 Mich 577; *Dodge* v. *Blood,* 307 Mich 169; *Bennett* v. *Bennett,* 336 Mich 133.; *Kren* v. *Rubin,* 338 Mich 288; *Kirby Terminal Co.* v. *City of Detroit,* 339 Mich 155; *Dudley* v. *Rapanos,* 353 Mich 237; *Ouellette* v. *Belanger,* 353 Mich 603; *Futernick* v. *Cutler,* 356 Mich 33.

There is adequate and ample testimony to support the chancellor's findings of fact. In view of this, appellants' allegations of error, except allegations 6, 8 and 9, need no further discussion.

With reference to the sixth allegation, there was testimony in the record on the part of Mr. Carl Seavers, an accountant, that the depreciation figure for 1955 was $1,650.37. We feel that the court erred in not taking this into consideration in arriving at the net profit. We find no authority, either under the uniform partnership act (CL 1948, § 449.1 *et seq.* [Stat Ann and Stat Ann 1955 Cum Supp § 20.1 *et seq.*]) or case law, that justifies the disallowance of depreciation in arriving at net profit, even in those cases where a partner has been forcibly expelled from the partnership. The court, therefore, erred in failing to consider depreciation in arriving at net profit and in failing to allow $1,650.37 depreciation for the year 1955 and $687.65 for the first 5

months of 1956 up to the date of the decree in the lower court.

It is admitted there was no written partnership agreement. Defendants' claim for salary must be founded upon the express terms of the agreement itself under the uniform partnership act and Michigan case law, or there must be an implied agreement that the partners are entitled to salary. In the absence of either of these situations, partners are not generally entitled to compensation for services. *Major* v. *Todd,* 84 Mich 85; *Pierce* v. *Pierce,* 89 Mich 233; *Alford* v. *Lehman,* 350 Mich 446; CL 1948, § 449-.18, subd (f) (Stat Ann § 20.18, subd [f]).

The chancellor in the instant case found as a matter of fact there was no implied agreement that the defendant partners would draw salaries. In this, we think, he is amply supported by the record.

Since plaintiff was prohibited by the other partners from performing services for the partnership which he had a right to perform and in view of the fact there was no express or implied agreement that the defendant partners would draw salaries, we feel the court was justified in reaching the conclusion that defendants were not entitled to credit for salaries and wages in arriving at net profit after the date plaintiff was expelled from the partnership to date of decree.

Although this was a partnership at will which could be terminated under the uniform partnership act, we think the court was correct in holding that it was not so terminated; and that the alleged termination settlement was never completed. We further think that the posting of the bond was not for the payment of a specific agreed price, but was rather a general bond to protect the interest of the plaintiff partner, whatever the court determined that to be on dissolution.

As to defendants' eighth allegation of error, we find, with the exception of depreciation, the contention is not supported in fact or in law.

In view of the above, we feel the court was correct in exercising its discretion in decreeing that a receiver be appointed to take charge of the assets and sell the business, thus answering defendant's ninth allegation of error.

The decree of the lower court is hereby affirmed, excepting as to the allowance of depreciation in arriving at the net profit in accordance with this opinion. A new decree may be entered in this Court affirming the lower court's decree, except as to this one provision. Plaintiff may have costs.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.