Slade v. Slade.

JAMES SLADE, libelant, vs. ABIGAIL W. SLADE.

*Judgment—conclusiveness of. Divorce. Exceptions.*

Upon a libel therefor, in behalf of the wife, alleging constant faithfulness on her part, but extreme cruelty on a day certain, and on divers other days and times since that day, on the part of her husband, to which the respondent pleaded traversing all the allegations therein, the unreversed judgment of a court having jurisdiction of process and parties, adjudicating that " the allegations of said libel being satisfactorily proved," a divorce, *a mensa*, is decreed, is con- clusive between the parties, as to their conduct towards each other during the continuance of their matrimonial relation to the date of the judgment.

The parties to a libel for divorce, *a vinculo*, tried by the presiding justice, at *nisi prius*, are entitled to the right of alleging exceptions to rulings admitting testimony.

And a party is not deprived of such right by waiving a previous request for a jury trial.

ON EXCEPTIONS.

LIBEL for divorce *a vinculo*, dated Feb. 20, 1868.

At the May term, 1869, the libelee requested a trial by jury, and at the January term, 1870, waived it, when the case proceeded before the presiding judge.

At the trial, after the reading of the libel, the counsel for the libelee read the answer, and introduced in evidence, without objec- tion, a transcript of the judgment therein referred to. The identity of the parties was admitted.

The libelee objected to the introduction of any evidence in rela- tion to the conduct of the parties to each other, prior to the date of the libel preferred in Massachusetts, and objected specifically to the evidence offered by the libelant, on the ground that the parties are concluded by the judgment rendered in Massachusetts.

The presiding judge ruled, that the record conclusively estab- ished the fact that the respondent, therein named, treated the petitioner, therein named, on Jan. 1, 1850, with extreme cruelty, as alleged in the libel, and that she had, at the date of the libel, been refused a proper and sufficient support and maintenance.

He further ruled that it was competent for the libelant to introduce evidence to prove the marriage, their cohabitation, his separation, the continuance of the separation, the birth of their children, his conduct toward his wife, and her conduct toward him; except so far as was found in the proceedings in Massachusetts, and not inconsistent with it, the effect of her conduct upon him, the impossibility of living in domestic peace and harmony, and that it would be conducive to domestic harmony and consistent with the peace and morality of society, to decree a divorce from the bonds of matrimony.

He then admitted evidence, in accordance with his rulings, embracing facts which occurred since the commencement of the proceedings in Massachusetts to the commencement of this libel; and upon the evidence, the presiding judge decreed a divorce.

To the introduction of such evidence the libelee alleged exceptions.

The remaining facts appear in the opinion.

*Davis & Drummond*, for the libelee.

*Luques*, for the libelant.

1. To the decisions of a judge, in matters at his discretion, exceptions do not lie. Virgin's Digest, 253, § 24; *Cummings* v. *Smith*, 50 Maine, 568.

R. S., c. 60, § 2, expressly refers the whole matter of libels to the discretion of " any justice of the supreme judicial court."

2. By withdrawing the case from the jury and referring to the court, parties are concluded as to exceptions. *Treat* v. *Gilmore*, 49 Maine, 34; *Sturtevant* v. *Randall*, 49 Maine, 446; Virgin's Digest, 215, § 38.

Counsel also cited *Sheafe* v. *Sheafe*, 24 N. H. 536.

BARROWS, J. The parties to this libel were married Sept. 2, 1835, at Harrington, in this State, and there lived and cohabited as husband and wife for a few months, and then removed to Boston, where they lived together, in the marriage relation, until August,

1863, rearing, meanwhile, a family of children. This libel alleges that they then separated, and that on the 6th day of Dec. 1866, the libelee in the present suit, brought against this libelant her libel for a divorce from bed and board, returnable before the supreme judicial court, in Suffolk county, Massachusetts, upon which she had a decree granted, as prayed for, April 13, 1868.

At the next succeeding January term of this court, in the county of York, the husband, who appears, in the meantime, to have established his residence at Biddeford (the wife remaining in Boston), prefers this libel, alleging the foregoing facts, and also that he "has always conducted himself toward said Abigail as a faithful and affectionate husband; but that said Abigail, at Boston aforesaid, on the first day of August, A. D. 1858, and on divers other days and times since that time, and at all times, has been improvident and extravagant, that her temper, disposition, and deportment toward him, have, for a series of years, been irritating and destructive of all marital happiness; that her course and conduct for the past ten years have been such as to occasion dissension and discord in his family, and made his home uncomfortable and unhappy, and that, by the aforesaid libel and decree of divorce, his family has been broken up and permanent disunion produced. Wherefore, and because it would be consistent with the peace and morality of society, and because it is reasonable and proper, and conducive to domestic harmony," he prays for a divorce from the bonds of matrimony, etc. To all which the wife replies, by denying all the charges of misconduct on her part, and his allegation that he has always conducted himself as a faithful and affectionate husband, and reiterating the allegations of his cruelty toward her, which are found in her own libel, the judgment upon which (as shown by the record of the proceedings in Massachusetts) she claims as conclusive in her favor, upon the charges here made.

At the hearing before the judge, at the January term, 1870, the respondent produced, in evidence, a copy of the record of the judgment rendered in her favor, in Massachusetts, by which it appears that she alleged in her libel, among other things, that she "has

always behaved herself toward her said husband, as a faithful wife," but that he, "on the first day of January, eighteen hundred and fifty, and on divers days, and at various times, and frequently since that day, has treated her with extreme cruelty, by beating, striking, and otherwise assaulting her, and during said times and at other times been guilty of cruel and abusive treatment, both in words and by acts; that she has been refused proper and sufficient support and maintenance, although her said husband has ample means to provide for her, and that his whole conduct toward her for a great many years has been so cruel, abusive, and intolerable as to make a continuance of her marriage relations intolerable." The record further shows that there was personal service upon the husband; that he filed an answer saying "that all the allegations, matters and things, in said libel contained, are false and groundless, and that there is not any cause of divorce as prayed for;" that at the April term, 1868, "the parties appear and a full hearing is had, and the allegations of said libel being satisfactorily proved," a divorce from bed and board is decreed. It was further decreed, in pursuance of an agreement of the parties on file, regarding the alimony to be awarded, that the husband should pay the wife alimony, at the rate of $600 per annum.

The exceptions show that the respondent objected to the evidence offered by the libelant, generally and specifically, on the ground that the parties are concluded by the judgment rendered in Massachusetts upon the wife's libel.

The presiding judge recognized, to a certain extent, the well-established principle, that when a fact has been once judicially tried and determined by a court of competent jurisdiction, upon process regularly served, the judgment thereon, so long as it remains unreversed, is conclusive upon the parties, by ruling that the record conclusively establishes the fact that the respondent therein named, on the first day of January, A. D. 1850, treated the libelant with extreme cruelty, as alleged in the complaint, and that she had at the date of that libel been refused a proper and sufficient support and maintenance. Looking back, now, to the allegations in that

libel, and to the respondent's plea therein, we cannot help thinking that this was altogether too restricted a view of what was established forever, as between these parties, by that litigation.

The issue there joined and decided, covered more time and more of the conduct of these parties toward each other, than this ruling indicates, and the failure of the presiding judge to recognize this, resulted in the admission, against this respondent's objection, of more evidence touching the libelant's conduct toward his wife and her conduct toward him, than was consistent with a proper regard for the effect of the proceedings in Massachusetts.

That conduct had all been canvassed and passed upon, not merely what occurred upon the particular days specified in the ruling, but during the continuance of their matrimonial relation, up to the time that a separation was decreed by the Massachusetts court. Nothing specific is charged in this libel, as having been done by this respondent in the few months that elapsed between the entry of the judgment in Massachusetts, and the commencement of the present suit.

But all that is alleged, in relation to her conduct toward him, refers to the time when the parties were living together as husband and wife, and that all should have been (and we must presume was) duly heard, and considered by the Massachusetts court. Yet under the erroneous idea that the proceedings in Massachusetts were conclusive only as to what occurred on the 1st of Jan. 1850, and as to the refusal of support at the date of the wife's libel, evidence of "his conduct toward his wife, and her conduct toward him," seems to have been gone into here, which she, relying upon the estoppel recognized by the law, might well have supposed would be excluded, but which doubtless had its effect upon the mind of the judge, in bringing him to the conclusion that it was reasonable and proper that a divorce should be decreed. To the admission of that testimony, not to the decision of the judge upon a matter which was submitted to his discretion, she took exceptions.

The judge seems to have thought that exceptions were not allowable, but he certifies, in substance, that they were duly taken, and

are in conformity to the truth and a correct report of the case, in order " that the law-court may take such action thereon as they deem to be in accordance with the rights of the parties, and consider them as exceptions if allowable." We think this equivalent to an allowance in the ordinary form, if the matters excepted to are found to be properly the subject of exceptions.

·It was, in fact, an allowance upon a condition subsequent, and the statute prescribes no particular form of certificate. But the libelant's counsel insists that exceptions do not lie to the rulings here, because by c. 60, § 2 of the Revised Statutes, the power of granting divorces from the bonds of matrimony, under certain circumstances, is given to any justice of the supreme judicial court " when, in the exercise of a sound discretion, he deems it reasonable and proper, etc.," and he argues that the whole conduct, as well as the result of the trial, is thus committed to the discretion of the judge who hears the case, and, therefore, none of his doings in a case of this description, can be the subject of exceptions.

But we do not understand that the legislature, when they authorized a judge at *nisi prius*, upon a libel properly signed and served, containing suitable allegations, to determine, in view of the testimony adduced in the exercise of a sound discretion, whether it was reasonable and proper, conducive to domestic harmony, and consistent with the peace and morality of society that a divorce should be granted, designed that that discretion should be exercised, regardless of the rules of evidence, or of any of the requirements of law, in the conduct of the trial.

Some years afterward, by special enactment, they provided that the parties to such a process might be witnesses (Laws of 1863, c. 211, § 4) ; is it within the discretion of the court to exclude either of them? The same discretion which, under § 2, c. 60, of the Revised Statutes, is to be exercised by the judge, under § 4, at the election of either of the parties, or by order of the court, may be confided to the jury.

· Is the jury, then, to determine what testimony they will hear, as well as what conclusions they will draw from it? We hold that,

whether the case is tried by the judge or the jury, the parties to a libel for divorce are entitled to the same right of exception to rulings admitting, or excluding testimony, or respecting any point of law arising in the case, which the parties have in any civil suit or proceeding at law. Such has been the practice in this court since the passage of the statute relied on. *Dwelly* v. *Dwelly*, 46 Maine, 377; *Chase* v. *Chase*, 55 Maine, 21.

Nor is the respondent deprived of her exceptions in this case, because she waived a previous claim of a jury-trial and proceeded to the court.

There is little analogy between a case of this sort and those cited from vols. 39 and 43 Maine Reports, where it was held that if a party to a cause, which, in the regular and ordinary course of proceeding, would be tried by a jury, waived the jury-trial, and by an entry on the docket agreed to submit the case to the presiding judge, he was not entitled to exceptions, unless the right was specially reserved. Here the case proceeds to the judge, unless one of the parties insists upon a jury-trial; there is no waiver upon the docket, and no particular statutory provision like that of 1852, that the presiding judge shall, in all causes thus heard, "direct what judgment shall be entered up." Under such provisions it might well be held that an agreement, to submit the cause to the judge, thus made, should be considered tantamount to a waiver of all exceptions not specially stipulated for.

We do not perceive that the case of *Sheafe* v. *Sheafe*, 24 N. H. 536 (which, so far as it has any bearing upon this, simply affirms that where the same court, which has once heard a case of divorce, is proceeding under statute authority to that effect to revise its own decree therein, the evidence also may be reconsidered, and evidence heard tending to exculpate the party against whom the decree passed), can be deemed an authority which would justify another court, having no power conferred by statute to revise decrees of this sort passed by the courts of other states, in admitting evidence upon the very points which had been previously litigated and determined between the parties before another tribunal, whose doings

are entitled to full faith and credit in this. It was the statute power to revise the decree which authorized the reëxamination of the testimony. If this libelant desires such a revision as this, he should apply to the court which heard the original case.

The judge at *nisi prius* erred, not as to the principle which should govern, but in not applying it to all the matters that were covered by the proceedings in Massachusetts. For a statement of the rule by which we abide, as to the conclusiveness and effect of judgments rendered by courts having jurisdiction of the parties and the subject-matter, whose judgments are entitled to full faith and credit with us, see *Walker* v. *Chase*, 53 Maine, 258 ; *Sturtevant* v. *Randall*, 53 Maine, 149.

The respondent had a right to expect that those matters which had been the subject of controversy, and had been once decided in her favor, would not in this process be agitated anew.

*Exceptions sustained.*

APPLETON, C. J.; CUTTING, KENT, WALTON, and DANFORTH, JJ., concurred.