[Filed November 17, 1890.]

## ALICE V. FARQUAR v. THOMAS FARQUAR.

FORMER ADJUDICATION—EFFECT OF.—A former decree between the same parties for
the same cause is a bar to a re-examination of the same facts in this case; but when
new facts have occurred since the former decree entitling the plaintiff to relief,
she may have a decree founded on those facts.

Douglas county: R. S. BEAN, Judge.

Defendant appeals.    Affirmed.

This is a suit for divorce. The charges are, briefly, cruelty
and personal indignities rendering life burdensome.    These
are denied by the answer; and by way of a further defense,
the answer pleads the rendition of a decree by the circuit
court of Douglas county, Oregon, between the same parties
in which the same facts were relied upon as in this suit.
The reply denied the new matter.    The plaintiff had a
decree in her favor from which this appeal is taken.

*W. R. Willis* and *C. A. Sehlbrede,* for Appellant.

*J. C. Fullerton* and *Geo. W. Colvig,* for Respondent.

PER CURIAM.—It is manifest from an examination of this
record that very much of the plaintiff's case is covered by
the former decree between the same parties, and therefore
cannot be considered again in this case.    But there is enough
which has occurred since that time to entitle her to a decree.
The alienation between these parties seems to be permanent
and irreconcilable.    The feelings of both are deeply moved,
one against the other.    The defendant is engaged in the
saloon business at Roseburg, and has been for many years,
and appears to have entertained much suspicion concerning

the fidelity and chastity of his wife. From his own testimony in the case, the "green-eyed monster" seems to be ever before him, and his frequent insinuations and statements concerning his wife's chastity show conclusively the state of his mind on the subject. It is unnecessary to recapitulate them or make a permanent record of them here. So far as this record discloses, these charges are without foundation. The plaintiff appears to have been industrious and to have manifested at all times a becoming solicitude for the welfare of her children.

We do not find any error in this decree appealed from, and it is affirmed.

BEAN, J., having presided at the trial of this cause in the court below, did not sit here.