FORD v. FORD.

No. 369.   Opinion Filed March 8. 1910.

(108 Pac. 366.)

**DIVORCE—Second Action—Res Judicata—Evidence.** A decree in an action of divorce between the same parties for the same cause of action bars a re-examination of the same facts in a subsequent case, and it is only when enough has occurred since the rendition of the first decree to entitle the plaintiff to relief that a divorce will be granted in a subsequent proceeding.

(Syllabus by the Court.)

*Error from District Court, Murray County; R. McMillan, Judge.*

Action by M. W. Ford against W. H. Ford. Judgment for the plaintiff, and defendant appeals. Reversed and remanded.

*J. P. Lockwood* and *Tibbetts & Green,* for plaintiff in error.
*E. W. Faggan.* and *C. B. Hendricks,* for defendant in error.

DUNN, C. J.   This is an action for divorce brought by Mollie W. Ford against W. H. Ford, as defendant, in the district court of Murray county, on the ground of extreme cruelty. To plaintiff's petition in which she sets up the indignities which she claims to have suffered defendant filed an answer denying same and a plea of a former adjudication and condonation. This action was filed June 11, 1908, and it appears from the evidence that on January 29, 1908, a little over four months before, the district court of Ottawa county, Okla., rendered judgment against plaintiff in an action there filed for the same grounds as those set up in the present case. Testimony of indignities alleged by plaintiff to have been suffered by her at the hands of the defendant was admitted over the objection of the defendant of both before the date of the former judgment, as well as after, and plaintiff's testimony discloses that she had testified in the former trial to most of the transactions upon which she now relies to recover in this case. Upon this evidence the court entered a decree granting plaintiff an absolute divorce, alimony, and custody of the children. A notice of appeal was given, and a motion for new trial filed and over-

ruled by the court, and the case has been brought to this court by petition in error and case-made.

One of the errors alleged for which reversal is urged is the admission of the evidence referred to. Counsel for plaintiff take the position in reference to this proposition that the doctrine of *res judicata* should not apply in cases of cruelty in divorce actions, for the reason that evidence of a long course of cruelty and abuses both prior to and subsequent to an adjudication in a divorce action might, taken together, render marriage bonds intolerable, where the subsequent acts taken alone would be insufficient; that in such cases the memory of past abuses on the part of either spouse could not be obliterated; and that hence prior acts were competent to supplement the subsequent acts, and that together a cause of action might be sustained. Counsel, however, do not cite any authorities to sustain this argument, and a diligent search on our part fails to discover such authorities. The courts seem to adhere uniformly to the rule that a decree in an action of divorce between the same parties for the same causes of action bars a re-examination of the same facts in a subsequent case, and that it is only when enough has occurred since the rendition of the first decree to entitle the plaintiff to relief that a divorce will be granted in a subsequent proceeding. 2 Van Fleet's Former Adjudication, § 335, pp. 712, 713; 1 Freeman on Judgments (4th Ed.) 313; 2 Bishop on Marriage, Divorce, and Separation, pp. 1589, 1590; 2 Bishop on Marriage and Divorce (14th Ed.) p. 766; *Farquar v. Farquar,* 20 Ore. 69, 25 Pac. 146, 23 Am. St. Rep. 93; *Tillison v. Tillison,* 63 Vt. 411, 22 Atl. 531; *Lewis v. Lewis,* 106 Mass. 309; *Dwyer v. Dwyer,* 26 Mo. App. 647; *Slade v. Slade,* 58 Me. 157; *Thurston v. Thurston,* 99 Mass. 39; *Miller v. Miller,* 150 Mass. 111, 22 N. E. 765.

The following brief quotation taken from a discussion by the Supreme Court of Vermont in the case of *Tillison v. Tillison, supra,* is entirely applicable to the case at bar. Referring to the evidence of facts heard in the former trial, the court said:

"It was contended upon the part of the libelee that it was within the discretion of the court to permit her to introduce this evidence. There is no reason why the rights of parties under the

marriage contract should not rest on as secure a basis as mere property rights. Indeed, there are many reasons why such rights should be more carefully regarded. Nothing has been suggested why a court in its descretion simply because the case on trial happens to be a divorce case should be permitted to ignore the effect of a judgment which, on reason and authority, should be held to be conclusive. To so hold might produce a state of affairs which would become intolerable. To entitle the libelant to a divorce under the ruling of the court below, he must not only establish the adultery of the libelee, but also overcome this evidence introduced by her in defense by way of recrimination. He may have made out a case with the exception of overcoming this testimony; hence it was material, under the decision of the court, that his libel was not sustained. For error in admitting this evidence, judgment must be reversed, and the case remanded for a new trial."

The case of *Dwyer v. Dwyer, supra,* is likewise in point on this proposition. There had been two actions for divorce between the parties prior to the instant case, the last one being determined in the year 1883. In 1887 the wife brought another action, and gave testimony that had been heard and considered in the prior trials. On exception being taken thereto, the Missouri Court of Appeals in the consideration thereof said:

"At the trial the plaintiff gave evidence tending to show the treatment by her husband toward herself while she lived with him in 1873, and the reasons which impelled her to quit his place of abode; and she admitted that she testified to substantially the same facts in the former actions. The defendant put in evidence against the objection of the plaintiff the record of the court in the former actions, under that part of the answer which pleaded a former adjudication. There was no error in this, and it is not necessary to enlarge upon so plain a proposition. The circuit court could not, and neither can we, rejudge the judgments of this court in those cases. Those judgments, whether well or illfounded, are, upon elementary principles, conclusive upon that court, upon this court, and upon every other court."

In the case at bar the court called a jury to which was submitted certain questions, and, in response to one of them, the jury answered without specification that the acts charged against the defendant occurred both before and after January 29, 1908. An investigation of the evidence submitted leaves the matter uncer-

tain just what acts of which plaintiff complained occurred before that date and what particular ones occurred subsequent thereto, and the condition of the record is such that we are unable to say that there is evidence of acts occurring since the former adjudication which standing alone would be sufficient to reasonably sustain the judgment of the trial court. The defendant is entitled to have presented to a trial court which can see both parties and hear them testify the evidence he is lawfully required to meet unclouded as it was in this trial by a mass of damaging evidence which is incompetent. He may be able to meet and refute the legal evidence alone, but not so when it is intermingled with the incompetent. Appellate courts labor under manifest disadvantages in attempting to give proper weight to even undisputed evidence— more so in divorce than most other kind of cases. Moore on Facts, § 1279. The judgment against plaintiff in the former trial was a conclusive finding that the defendant was not guilty of any of the acts which were or might have been adjudicated therein. It constituted a conclusive finding, binding on all courts between the same parties involving the same matters in the same kind of an action, that they did not take place. *Lewis v. Lewis, supra.* Hence they should not be pleaded or proved in any subsequent case.

The judgment is reversed, and the case remanded to the district court of Murray county for a new trial.

Hayes, Kane, and Turner, JJ., concur; Williams, J., absent and not sitting.