SOVEREIGN v. SOVEREIGN.

1. Judgment—Res Judicata.

The defense of *res judicata* involves the same subject matter and the same parties in order to be successful.

2. Divorce—Res Judicata.

The defense of *res judicata* in second suit for divorce was not available, where the plaintiff wife in her sworn bill of complaint relied upon acts subsequent to final decision in the prior case.

3. Husband and Wife—Support of Wife and Minor Children.

A married man's obligation to support his wife and minor children remains with him until a dissolution of the marital relationship.

---

References for Points in Headnotes

[1] 30A Am Jur, Judgments §§ 363, 397.
[2, 5] 17 Am Jur, Divorce and Separation § 547. · ·
Decree in suit for separation as *res judicata* in subsequent suit for divorce or annulment. 138 ALR 346.
[3] 26 Am Jur, Husband and Wife § 340; 39 Am Jur, Parent and Child § 35.
[6] 30A Am Jur, Judgments § 328.
Distinction between judgments as bar to cause of action and as estoppel as to particular fact. 88 ALR 574.
[7] 41 Am Jur, Pleading § 333.

4. SAME—PREVIOUS SUIT FOR DIVORCE—SUPPORT OF WIFE AND MINOR
CHILDREN.

  The fact that defendant husband was found not entitled to decree
    of divorce in previous suit therefor did not relieve him of
    his continuing obligation to support his wife and minor
    children.

5. DIVORCE—RES JUDICATA—ESTOPPEL BY JUDGMENT.

  Plaintiff wife who filed a sworn bill of complaint in second
    suit for divorce and relied upon defendant husband's miscon-
    duct since final determination of prior suit for divorce, in that
    he failed to provide a home for plaintiff and their minor child
    or to support either of them and had deliberately subjected her
    to additional expense of annulment proceedings, notwithstand-
    ing he was a man of substantial income and ability to support
    plaintiff and their child, was not barred from relief by the
    principle of *res judicata* or of estoppel by judgment.

6. JUDGMENT—ESTOPPEL BY JUDGMENT—PLEADINGS—EVIDENCE.

  The doctrine of estoppel by judgment is applied only as to such
    matters within the scope of the pleadings in the previous liti-
    gation as necessarily had to be adjudicated in order for the
    previous judgment or decree to be rendered, or as to such
    matters within the scope of the pleadings as might or might
    not have been adjudicated, but which are shown by aliunde
    proof to have been actually litigated and determined.

7. EQUITY—MOTION TO DISMISS—PLEADING.

  The court considers matters well pleaded in the bill of complaint
    to be true for the purpose of disposition of the motion to dis-
    miss.

8. DIVORCE—SECOND SUIT—CONTINUANCE OF MISCONDUCT.

  The continuance of misconduct which prevented the entry of a
    decree of divorce in a prior suit after such decree could be a
    defense available to the opposite party in second suit.

Appeal from Saginaw; Carroll (Howard R.), J.,
presiding. Submitted April 9, 1958. (Docket No. 14,
Calendar No. 47,628.) Decided October 13, 1958.

Bill by Mary K. Sovereign against Will F. Sover-
eign for divorce. Bill dismissed on motion. Plain-
tiff appeals. Reversed and remanded.

*Irving M. Hart (Walter Martin,* of counsel), for plaintiff.

*Poppen, Street & Sorensen (Harold M. Street,* of counsel), for defendant.

KAVANAGH, J.    Plaintiff filed a bill of complaint in the Saginaw county circuit court on May 22, 1957, praying for divorce from the bonds of matrimony, custody of the minor child, temporary and permanent alimony, support and maintenance, court costs, and a temporary injunction restraining the defendant from attempting to interfere with plaintiff's sole custody of the minor child.

Plaintiff alleges a previous divorce case in the Saginaw circuit court.    Following a decision by the lower court that plaintiff's bill of complaint should be dismissed and defendant granted a decree on his cross bill, appeals were taken by the parties to the Supreme Court.    The Supreme Court, as reported in *Sovereign* v. *Sovereign,* 347 Mich 205, found that the actions of both parties were such that neither party was entitled to a decree of divorce.    The Court authorized the entry of a decree in the circuit court dismissing the bill and cross bill.

Plaintiff further alleges that subsequent to the decision in the Supreme Court on December 6, 1956, that said defendant has been guilty of several acts of extreme and repeated cruelty:    (1) that defendant has failed to provide a home for the plaintiff and the minor child of the parties; (2) that defendant has failed to support and maintain this plaintiff and has contributed absolutely nothing to her support and maintenance since December 6, 1956; (3) that defendant has contributed nothing to the support and maintenance of the minor child of the parties; (4) that said defendant has deliberately provoked additional financial burdens upon plaintiff by filing annul-

ment proceedings in the Bay county circuit court;* (5) that the defendant is a man of substantial financial means and has substantial income and ability to provide support and maintenance for plaintiff and the minor child of the parties.

On May 29, 1957, defendant moved the court to dismiss the bill of complaint filed in the above entitled cause; to dismiss the petition for temporary alimony, support and attorney fees, and to dissolve the temporary injunction heretofore issued for the following reasons:

"1. The bill of complaint does not state a cause of action.

"2. The court has no jurisdiction over the subject matter of the action.

"3. The action is barred by a prior decree.

"4. There is a prior action pending between the same parties involving the same subject matter in another court of equal and concurrent jurisdiction.

"5. The plaintiff is wholly without equity and is barred from equitable relief by her prior misconduct and current adulterous association with a Mr. V.

"6. The temporary injunction was improvidently and improperly issued.

"7. The proceeding is brought in bad faith, with full knowledge that plaintiff does not come into court with clean hands and is barred from equitable relief.

"8. The proceeding is a fraud upon the court in that the bill of complaint does not disclose all the facts which it is plaintiff's duty to disclose to the court."

On May 31, 1957, plaintiff filed an answer to the motion to dismiss, and on July 16, 1957, filed an amended bill of complaint. She alleges, under paragraph 5-a, that she has continued to live in the home of the parties; that she has ceased the actions complained of which would be a basis for a divorce ac-

---

* See 354 Mich 65.—REPORTER.

tion against her; that she has conducted herself properly as befitting a loyal and devoted wife to her marital obilgations; that she has continued to rear and care for the minor child, and has been a good and kind mother to him; that following the decision of December 6, 1956, she expected that defendant would likewise reform his conduct; that she expected defendant to return to his domicile so that they could attempt to make a success of their marriage and rear the minor child of the parties in a normal home; that defendant has refrained from so doing, and through his attorney has informed plaintiff that no reconciliation will ever be possible.

On July 19, 1957, the trial court filed a written opinion granting the motion to dimiss. On July 22, 1957, an order was entered dismissing the plaintiff's bill of complaint. The order included a finding that in the absence of condonation or a reversal of the finding of the trial court, the rule of *res judicata* applies.

From the opinion of the trial court it would appear that his reasons for granting the motion to dismiss were: (1) the lack of clean hands on the part of plaintiff; and (2) the decision in the previous action rendered *res judicata* a determination of all matters growing out of the matrimonial relationship. No testimony was taken. The bill of complaint is a sworn bill of complaint.

This Court has often said that for a defense of *res judicata* to be successfully pleaded it must involve the same subject matter, the same parties. *Tucker* v. *Rohrback,* 13 Mich 73; *Love* v. *Francis,* 63 Mich 181 (6 Am St Rep 290); *McDannel* v. *Black,* 270 Mich 305; *Reid* v. *Gooden,* 282 Mich 495; *Hammitt* v. *Straley,* 338 Mich 587; *Austin* v. *Painters' District Council,* 339 Mich 462.

In this action the same subject matter is not involved since the acts of extreme and repeated cruelty

relied upon by plaintiff in her sworn bill of complaint are acts subsequent to the decision of the Supreme Court in the previous case on December 6, 1956. Certainly the law would not forever relieve the defendant of any future marital duties simply because in a prior decree it was determined that he had been guilty of misconduct which would justify the Court in refusing him a decree of divorce. His obligation to resume and carry on the responsibilities and duties of the married life, including support of his wife and minor child, remains with him until a dissolution of the marital relationship. As a wrongdoer he is not beyond the pale of the law in the sense that he is relieved of these obligations. His failure to perform them subsequent to December 6, 1956, might be evidence of extreme and repeated cruelty which would justify a court to grant plaintiff a decree of divorce. The rule is found in 17 Am Jur, Divorce and Separation, § 554, p 650, as follows:

"It is only when enough has occurred since the rendition of the first decree to entitle the plaintiff to relief that a divorce will be granted in the subsequent proceeding." (Citing *People, ex rel. Healy,* v. *Case,* 241 Ill 279 [89 NE 638, 25 LRA NS 578]; *Brown* v. *Brown,* 37 NH 536 [75 Am Dec 154]; *Ford* v. *Ford,* 25 Okla 785 [108 P 366, 27 LRA NS 856]; *Farquar* v. *Farquar,* 20 Or 69 [25 P 146, 23 Am St Rep 93]; *Averbuch* v. *Averbuch,* 80 Wash 257 [141 P 701, Ann Cas 1916B, 873]; *Vickers* v. *Vickers,* 95 W Va 323 [122 SE 279, 41 ALR 266].)

In *Silberstein* v. *Silberstein,* 218 NY 525 (113 NE 495), the wife sued for a separation from her husband. The court found that her charges were not proved against the husband, but that the wife was guilty of abandonment and desertion. The court entered a dismissal of the action. Subsequent to the dismissal she asked to return to him, but he refused to live with her or to contribute to her support. The

wife then brought a second suit for separation. The husband, in defense of the second suit, asserted that the former judgment was conclusive evidence, not only of his innocence, but of her guilt, and that the abandonment put an end to his duty to her forever. Justice Cardozo wrote the opinion on appeal, and said (p 528):

"We think the judgment in the first action does not have the effect which has thus far been attributed to it."

In the later case of *Mirizio* v. *Mirizio*, 248 NY 175 (161 NE 461), Justice Cardozo, again writing the opinion for the court on the same issue said (pp 179, 181):

"We are told that her error has barred his door to her forever. * * * Whatever her errors may have been, the plaintiff is the defendant's wife. He has never offered her a home, nor paid a dollar to maintain her. Not yet has the law released him from the duty of support."

In the case of *Bennett* v. *Bennett*, 336 Mich 133, Chief Justice Dethmers, writing the opinion for the Court, mentions the 2-month period following the decree dismissing the first suit (p 135):

"We cannot say, on an examination of the entire record, that, had we been in the position of the trial judge, we would have found otherwise than he did with respect to the conflicting claims of parties concerning the conduct of each during that period."

The Court refused to reverse the lower court in the *Bennett Case* for the reasons that the trial judge heard the witnesses, observed their demeanor and was in the best position to determine their credibility and to conclude what the facts in the case really were. No mention was made by the Supreme Court that a

dismissal of the previous bill precluded the introduction of testimony with reference to a new period.

In the Michigan case of *Herp* v. *Herp,* 254 Mich 33, Justice NELSON SHARPE, writing the opinion for the Court, said (p 35):

"On this record, the evidence of the refusal or neglect of the defendant must be confined to the time between August, 1929, when the former bill was dismissed, and January 15, 1930, when this bill was filed."

The Michigan case of *Dowhan* v. *Dowhan,* 303 Mich 197, dealing with a factual situation similar to the one in the instant case, held as follows (p 199):

"The instant suit in Oakland county, based on new and different facts which arose subsequent to the original suit in Wayne county, is not barred by the principle of *res judicata* or estoppel by judgment; nor is the second action barred by an appeal pending in the first action."

The Court went on to say that this question was considered by the supreme court of Georgia in *Slaughter* v. *Slaughter,* 190 Ga 229 (9 SE2d 70, 129 ALR 156), and that other authorities on the same subject are annotated in 26 LRA NS beginning at page 577. Justice BUSHNELL then quoted from the *Slaughter Case* as follows (p 200):

" 'These later acts could not have been alleged in the former suit and could not have been passed on by the court in that case. * * *

" 'If the second suit cannot be maintained, it is only because of the principle of *res judicata* or of estoppel by judgment. * * * The doctrine of *res judicata* is to be applied only when the cause of action is the same. * * * The doctrine of estoppel by judgment is applied only as to such matters within the scope of the pleadings in the previous litigation as necessarily had to be adjudicated in order for the previous

judgment or decree to be rendered, or as to such matters within the scope of the pleadings as might or might not have been adjudicated, but which are shown by aliunde proof to have been actually litigated and determined.'" (*Slaughter* v. *Slaughter, supra,* 230.)

The Court in the *Dowhan Case* also quoted from *Paynton* v. *Paynton,* 194 Mich 504, 507, as follows (p 200):

"'The decree of the Illinois court seems to have been a final decree establishing the fact that defendant was not an habitual drunkard when it was rendered in 1911; but that, of course, would have no tendency to show that she had not become one when this suit was begun in 1915.'"

On a motion to dismiss it is elementary that we consider the matters well pleaded in the bill of complaint to be true for the purpose of disposition of the motion to dismiss. It would therefore appear that the circuit court should not have granted the motion to dismiss for the reasons given, since the matter is not *res judicata* as to the new period. If, on a new trial of the cause, it develops that plaintiff is still continuing the old acts, then, certainly, the defense of recrimination would be available to defendant, and a denial of plaintiff's prayer for a decree of divorce could be entered.

For the above reasons, the decision of the lower court granting the motion to dismiss is reversed and the cause is remanded.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.