SOVEREIGN v. HART.

1. APPEAL AND ERROR—MOTION TO DISMISS—WELL-PLEADED FACTS ASSUMED TO BE TRUE.
   An appeal from an order dismissing a declaration without trial is reviewed by the Supreme Court by assuming as true all well-pleaded facts.

2. FRAUD—PLEADING—ALLEGATION OF DECEIT.
   Injurious deceit of the Supreme Court *held*, not to have been alleged by plaintiff in action against wife's attorney in suit for divorce, where opinion in suit decided nothing of a factual nature but remanded bill of complaint for hearing (CL 1948, § 601.64).

3. ATTORNEY AND CLIENT—RESPONSIBILITY FOR SWORN PLEADING SIGNED BY PARTY.
   Allegations contained in a bill of complaint signed and sworn to by party plaintiff are the responsibility of the party, not the attorney, even if the allegations contained therein ultimately prove not to be true, and the attorney does not become liable for deceit, as prohibited by statute, merely by filing the bill (CL 1948, § 601.64).

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 3 Am Jur, Appeal and Error § 932.
[2, 4] 24 Am Jur, Fraud and Deceit § 243 *et seq.*
[3] 5 Am Jur, Attorneys at Law §§ 90, 128.
[5] 17 Am Jur, Discovery and Inspection § 39.
   Scope or extent, as regards books, records, or documents to be produced or examined, permissible in order for inspection. 58 ALR 1263.
[6] 3 Am Jur, Appeal and Error §§ 770, 776.

4. PLEADING — FRAUD — ABANDONMENT OF CLAIM — BILL OF PAR-
TICULARS.

Husband's claim in action against attorney for wife that de-
fendant attorney had caused her to allege falsely that husband
had contributed nothing to support of wife and child after a
specified date and that she had "conducted herself properly as
befitting a loyal and devoted wife" was properly assumed by
the circuit judge to have been abandoned, where plaintiff's
bill of particulars omitted any reference to such allegation
and that plaintiff intended no reliance upon it (CL 1948, § 601-
.64; Court Rule No 20, § 3 [1945]).

5. DISCOVERY—SCOPE OF MOTION'S REQUEST.

Denial of plaintiff's motion for discovery *held*, proper, where
plaintiff in his suit against wife's attorney for alleged deceit
sought inspection of all papers, records and files, and evidence
of any agreement between defendant and plaintiff's wife rela-
tive to compensation for fees to be received by defendant in
connection with specified cases growing out of suit for divorce,
such being too general a request to be admissible (CL 1948,
§ 601.64; Court Rule No 35, § 6[b] [1945]).

6. APPEAL AND ERROR—STATEMENT OF QUESTION INVOLVED.

Count of declaration in plaintiff's action against wife's attorney
for alleged deceit is not considered on appeal, where no stated
question is presented or briefed in relation thereto (Court Rule
No 67, § 1 [1945]).

Appeal from Saginaw; O'Neill (James E.), J.
Submitted January 5, 1961. (Docket No. 40, Calen-
dar No. 48,783.) Decided April 26, 1961. Rehearing
denied June 28, 1961.

Case by Will F. Sovereign against Irving M. Hart
for alleged deceit by him as attorney representing
wife in divorce cases. Declaration dismissed on mo-
tion. Plaintiff appeals. Affirmed.

*Poppen, Street & Sorenson* (*Harold M. Street*, of
counsel), for plaintiff.

*Martin & Martin* (*Walter Martin*, of counsel), for
defendant.

EDWARDS, J. This is the fifth appeal in this Court
involving the Sovereigns and their counsel. *Sover-*

*eign* v. *Sovereign,* 347 Mich 205, and *Sovereign* v. *Sovereign,* 354 Mich 150, represented unsuccessful divorce actions between the principals. *Sovereign* v. *Sovereign,* 354 Mich 65, was a petition for custody of the minor child. *Sovereign* v. *Sovereign,* 361 Mich 528, was a petition by defendant attorney herein for fees he alleged should be paid by the husband for his representation of Mrs. Sovereign.

This case is a suit by Mr. Sovereign against defendant attorney for "deceit" in his representation of Mrs. Sovereign in 1 of the divorce cases—more particularly in the filing of Mrs. Sovereign's bill of complaint in *Sovereign* v. *Sovereign,* 354 Mich 150. This present suit was dismissed on motion before trial, and plaintiff appeals.

The statute relied upon by plaintiff-appellant is CL 1948, § 601.64 (Stat Ann § 27.84):

"Any attorney or counselor who shall be guilty of any deceit or collusion, or shall consent to any deceit or collusion, with intent to deceive the court or any party, shall be deemed guilty of a misdemeanor, and on conviction shall be punished by fine not exceeding $1,000, or imprisonment in the county jail not exceeding 6 months, or both, in the discretion of the court, and shall also be liable to the party injured by such deceit or collusion, in treble damages sustained, to be recovered in a civil action."

The important allegations of the declaration are contained in its 8th paragraph:

"That the Supreme Court was deceived by the aforesaid false allegations, and in an opinion dated October 13, 1958, expressly referring to the allegations that plaintiff had 'contributed absolutely nothing to her support and maintenance since December 6, 1956'; that plaintiff has 'contributed nothing to the support and maintenance of the minor child,' and 'that she has conducted herself properly as befitting

a loyal and devoted wife,' reversed the order dismissing the bill of complaint and remanded the case for trial."

At pretrial, defendant moved for a bill of particulars as to the falsity of any facts alleged in the preceding bill of complaint which defendant knew, or should have known, were false. Subsequently, plaintiff filed such a bill of particulars which pertained, however, entirely to the allegations concerning contributions.

Thereupon defendant filed a motion to dismiss based upon plaintiff's declaration and upon the files and records of the preceding divorce suit, being Saginaw chancery file 32,526(2). The circuit judge took judicial notice of the bill of complaint in the divorce action, and granted the motion to dismiss:

"I am going to grant the motion to dismiss, and for the reasons put forth by Mr. Martin, here, and for the additional reason I can't see how the plaintiff in this case could have been deceived by what was said in the bill of complaint * * * in Case C–32,-526(2)."

The trial judge dismissed on the ground that no deceit within the meaning of the statute was pleaded in the declaration. The circuit judge's reference to deceit actually applied to the plaintiff but, as indicated above, the plaintiff's assertion really was that this Court was deceived by the allegations of the divorce bill.

We review an appeal from an order dismissing a declaration without trial by assuming as true all well-pleaded facts. *General Motors Corporation* v. *Attorney General,* 294 Mich 558 (130 ALR 429). However, this Court's opinion in *Sovereign* v. *Sovereign,* 354 Mich 150 (of which we take judicial notice), indicates that the decision of the Court was simply a remand of the bill of complaint for hearing. The Court

decided nothing of a factual nature in the decision referred to. Thus at the outset we have doubt that the declaration contains facts which allege injurious deceit.

We also note that the bill of complaint was signed and sworn to by Mrs. Sovereign. Of course, we do not believe that an attorney, merely by filing such a bill, becomes liable for "deceit" as prohibited by CL 1948, § 601.64 (Stat Ann § 27.84), even if allegations contained therein ultimately prove not to be true. Such allegations on their face are the responsibility of the party—not the attorney.

Plaintiff, however, has alleged "upon information and belief" that defendant attorney "counseled and caused the said allegations to be made," knowing them to be false, in order to deceive the court. This assertion has occasioned our looking into the nature of the allegations relied on.

An examination of the bill of complaint containing them shows that, even though the quoted sentences are in themselves obviously erroneous, they have been lifted completely out of context. The bill of complaint, in which they are found, itself contains in other paragraphs the facts in relation to Mr. Sovereign's payments upon which plaintiff herein now relies. At most, viewing the bill of complaint as a whole, the quoted statements represent an overstatement as to which the same document supplied the correcting facts. While we have no enthusiasm for loose use of language in a pleading, in proper context these allegations cannot be held to represent deceit.

As to the portion of the declaration alleging that defendant caused Mrs. Sovereign to allege that she had since December 6, 1956, "conducted herself properly as befitting a loyal and devoted wife," knowing this to be false, we believe defendant was entitled to know the specific facts relied upon. When

plaintiff's bill of particulars omitted any reference to this allegation, we believe the circuit judge had a right to assume, as he obviously did, that plaintiff intended no further reliance upon it. See Michigan Court Rule No 20, § 3 (1945).

Appellant also contends that the circuit judge improperly denied his petition for discovery. The discovery petition, without giving any reasons therefor, asked among other things:

"(2) That the defendant produce, for examination and inspection by plaintiff and his attorney, all papers, records and files relating to the cases of Sovereign v. Sovereign, Saginaw county circuit court Nos. 29,905 and 32,526(2).

"(3) That the defendant produce, for examination and inspection by plaintiff and his attorney, any written agreement or written evidence of any agreement, between defendant and one Mary K. Sovereign, relative to compensation or fees to be received by defendant for representing the said Mary K. Sovereign in the aforesaid cases Nos. 29,905 and 32,526(2)."

Such a general fishing expedition is not contemplated under the admissibility requirement of our discovery rules. See Michigan Court Rule No 35, § 6(b) (1945)*. We find no abuse of the circuit judge's discretion in his denial.

No stated question is presented or briefed in relation to count 2 of plaintiff-appellant's declaration. Hence, it is not considered on this appeal. Michigan Court Rule No 67, § 1 (1945); *Johns* v. *Wisconsin Land & Lumber Co.,* 268 Mich 675.

The motion to dismiss was properly granted.

Affirmed. Costs to appellee.

Dethmers, C. J., and Carr, Kelly, Smith, Black, Kavanagh, and Souris, JJ., concurred.

---

* See 334 Mich xl and 352 Mich xvii.—Reporter.