## SOVEREIGN v. SOVEREIGN.

1. JUDGMENT—RES JUDICATA.
   Relitigation may not be had of the same matters that had been previously litigated between the same parties to the point of final adjudication thereon.

2. DIVORCE—RES JUDICATA.
   The trial court properly entered an order striking from plaintiff husband's pleadings in suit for divorce portions relating to defendant wife's associations with her former husband as shown by the record of a prior suit for divorce between the parties.

REFERENCES FOR POINTS IN HEADNOTES
[1] 30A Am Jur, Judgments § 371 et seq.
[2] 17 Am Jur, Divorce and Separation §§ 329 et seq.; 543 et seq.
[3, 4] 17A Am Jur, Divorce and Separation § 883 et seq.

3. SAME—PROPERTY SETTLEMENT.
    Review of the marital history of the parties insofar as it bore upon the issue of property settlement was proper, once it was determined that there were grounds for divorce.

4. SAME—PROPERTY SETTLEMENT—DISORIENTED WIFE.
    Award of about $20,000 in property settlement to defendant wife out of a total estate of $121,000 *held*, proper, notwithstanding most of the property had come to the husband by gift or inheritance, where trial court found defendant did not appear to be an individual who could hold a job and was somewhat disoriented, it being appropriate to award her sufficient money to reestablish herself.

5. SAME—NATURE OF PROCEEDINGS.
    Divorce proceedings are not punitive, nor are they criminal.

6. SAME—REHABILITATION.
    Courts have the power to assist the parties in going forward from their shattered relationship, once it has been determined that it is necessary to grant a divorce.

Appeal from Bay; Smith (Richard G.), J. Submitted April 4, 1962. (Docket No. 20, Calendar No. 49,366.) Decided July 2, 1962.

Bill by Will F. Sovereign against Mary K. Sovereign for divorce. Decree for plaintiff on ground of extreme and repeated cruelty. Plaintiff appeals asking reduction of property settlement. Affirmed.

*Poppen, Street & Sorensen* (*Harold M. Street,* of counsel), for plaintiff.

*Irving M. Hart,* for defendant.

ADAMS, J. This action for divorce and determination of property rights was begun by plaintiff on October 16, 1959. The parties have been before this Court on 4 previous occasions—347 Mich 205; 361 Mich 528; 354 Mich 65; 354 Mich 150.

The trial court ruled that all matters prior to December 6, 1956 (date of the Supreme Court decision in the initial action between the parties), were

*res judicata* and entered an order striking portions of plaintiff's pleadings relating to defendant's association with her former husband, as shown by the record of a prior proceeding.

The court did find that after December 6, 1956, defendant continued to associate with her former husband. The minor child of plaintiff and defendant was present on a number of the occasions. A divorce was granted to plaintiff on March 10, 1961.

Plaintiff appeals from the ruling of the trial court striking portions of plaintiff's pleadings relating to the association between defendant and her previous husband prior to December 6, 1956. Plaintiff also appeals from the property settlement which awarded defendant about $20,000 of a total estate of $121,000. A good portion of the total is traceable to gifts to or inheritance by plaintiff from plaintiff's family.

The rule that, once there has been a final adjudication of matters in a lawsuit, those same matters cannot be relitigated was properly applied by the trial judge in striking from plaintiff's pleading the allegations relating to matters that were a part of the prior litigation. 30A Am Jur, Judgments, § 371, p 411.

As to the property settlement, it having been determined that there were grounds for divorce, it was proper for the court to review the marital history of the parties insofar as it would bear upon that issue. To this extent and to this extent only, the court took into account the entire marital history of the parties. He found that defendant did not appear to be the type of individual who could hold a job (she had been in several unsuccessfully), that she seemed somewhat disoriented and that it was therefore appropriate to award to her sufficient money for her to re-establish herself. Notwithstanding the fact that most of the property of the parties had come to the husband by gift or inheritance, the aforesaid provision was made for the wife.

Divorce proceedings are not punitive. Neither are they criminal. Divorce proceedings are tragic. However viewed they are the record of a failure. Once the necessity of granting a divorce has been determined, the proceedings should be rehabilitative insofar as it is within the power of the courts to assist the parties in going forward from their shattered relationship. *Whittaker* v. *Whittaker,* 343 Mich 267; *Gillett* v. *Gillett,* 269 Mich 364; CLS 1956, § 552.23, as amended by PA 1958, No 81 (Stat Ann 1961 Cum Supp § 25.103).

The trial court did not err.

CARR, C. J., and DETHMERS, KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.